# NO. 12-13-00363-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CODY LAMONT BLAYLOCK,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Cody Lamont Blaylock appeals his conviction for engaging in organized criminal activity. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was indicted for the first degree felony offense of engaging in organized criminal activity by committing aggravated assault with a deadly weapon as a member of a criminal street gang.[1] Appellant and the State entered a negotiated plea agreement for an agreed punishment of deferred adjudication community supervision for ten years in exchange for Appellant's "guilty" plea and pleas of "true" to the allegations that he used a deadly weapon and that he was a member of a criminal street gang at the time of the offense.

In accordance with the agreement, the trial court placed Appellant on deferred adjudication community supervision for a ten year period in December 2010. The trial court also

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011), § 71.02(a)(1), (b) (West Supp. 2014).

considered two additional charges in determining whether to place Appellant on deferred adjudication community supervision.[2]

The State filed an application to proceed to final adjudication in May 2012. Appellant pleaded "true" to most of the allegations. After a hearing, the trial court denied the application.

In October 2013, the State filed another application to proceed to final adjudication. The State twice amended its application. In the application, the State alleged that Appellant failed to abide by the terms of his community supervision in that he (1) committed the offense of criminal trespass, (2) failed to pay for urinalysis testing on numerous occasions, (3) failed to pay supervision fees and court costs, and (4) failed to obtain a GED as ordered by the court. At the subsequent hearing, Appellant pleaded "true" to each paragraph in the application. The trial court adjudicated Appellant's guilt, found him guilty of the offense, and found that the allegations that he used a deadly weapon and was a member of street gang were true. After a hearing on punishment, the trial court sentenced Appellant to twenty years of imprisonment. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.

Appellant filed a pro se brief in which he raised issues that his sentence was excessive and that he received ineffective assistance of counsel when he was advised to plead "guilty" and "true" to the State's application to proceed to final adjudication, rendering the pleas involuntary. We have reviewed the record for reversible error and have found none. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

---

[2] *See* TEX. PENAL CODE ANN. § 12.45(a) (West 2011).

## CONCLUSION

As required by ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby ***granted***, and the trial court's judgment is ***affirmed***. *See* Tex. R. App. P. 43.2.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* Tex. R. App. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court. *See* Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered March 4, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 4, 2015**

**NO. 12-13-00363-CR**

**CODY LAMONT BLAYLOCK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1070-10)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*